## SETTLEMENT AND GENERAL RELEASE AGREEMENT

WHEREAS, Kenneth Tew and Dennis Derby ("Plaintiffs") have alleged that they have been the subject of unlawful employment practices by Robert's Asphalt Company, Inc., Patrick Tew, Jeffrey Tew, Colleen Tew, Rosemar Contracting, Inc., Rosemar Construction, Inc., and Robert Garone (collectively referred to herein as "Defendants");

WHEREAS, Plaintiffs commenced an action against Defendants on April 27, 2015, in the United States District Court for the Eastern District of New York (the "Court"), bearing Docket No. 15 CV 2379 (JMA)(AYS) (the "Action");

WHEREAS, Defendants filed their Answers denying Plaintiffs' allegations, and have contended that Plaintiffs' allegations are unfounded and lack merit;

WHEREAS, Plaintiffs and Defendants (hereafter collectively referred to as the "Parties") desire to fully and finally resolve and settle in full all claims that Plaintiffs have, had, or may have against Defendants, including, but not limited to, all claims and issues that were or could have been raised by Plaintiffs, by way of this Settlement and General Release Agreement ("Agreement");

WHEREAS, Plaintiffs' counsel of record in the Action and Defendants' counsel of record in the Action have negotiated extensively in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of the bona fide dispute between the Parties;

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.      In consideration of the payment to Plaintiffs by Defendant Robert's Asphalt Company, Inc. of the gross sum of Fifty Five Thousand Dollars and Zero Cents ($55,000.00) (the "Settlement Amount"), to which Plaintiffs are not otherwise entitled, Plaintiffs hereby release and forever discharge Defendants Robert's Asphalt Company, Inc., Patrick Tew, Jeffrey Tew, Colleen Tew, Rosemar Contracting, Inc., Rosemar Construction, Inc., and Robert Garone as well as their current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiffs to be "employers," both individually and in their official capacities, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including but not limited to service and program partners, vendors, and business partners, (all of said individuals and entities referenced above are hereinafter collectively referred to herein jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiffs, their heirs, executors, administrators, agents, successors, and assigns, have, had, or hereafter can have against Releasees, from the beginning of time to the date of this Agreement.  Said release includes, but is not limited to, all claims set forth in the Action, all claims of unpaid compensation, improper notice, improper deductions, unpaid overtime, discrimination, wrongful discharge, harassment, retaliation, negligence, and all tort, contractual, or statutory claims, claims arising under any federal, state, local, common law, including but not limited to, all claims under the Fair Labor Standards Act, New York Labor Law, Title VII of the Civil Rights Act of 1964, New York State Executive Law, the Suffolk County Human Rights

2

Law, the Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Equal Pay Act, Americans with Disabilities Act, Family and Medical Leave Act, 42 U.S.C. Section 1981 and 1983, the Genetic Information Nondiscrimination Act, the Immigration Reform and Control Act, the Occupational Safety and Health Act, Labor Management Relations Act of 1947, and the National Labor Relations Act. This General Release shall include, without limitation, any and all claims relating to, or in any manner connected with Plaintiffs' employment with Defendants.

2.       In further consideration for the release of Defendants by Plaintiffs, Defendants hereby release and forever discharge Plaintiffs, as well as Plaintiffs' heirs, executors, administrators, agents, successors, and assigns, from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Defendants, and as applicable, their respective heirs, executors, administrators, agents, successors, and assigns, as well as current and former owners, managers, supervisors, employees, directors, officers, shareholders, accountants, attorneys, insurers and insurance carriers, agents, parent companies, predecessors, successors, and subsidiaries, have, had, or hereafter can have against Plaintiffs, from the beginning of time to the date of the Agreement. This General Release shall include, without limitation, any and all claims relating to, or in any manner connected with Plaintiffs' alleged employment with Defendants.

3.       No later than thirty (30) days of the date counsel for Defendants receives: (i) this Agreement, fully executed and signed by each Plaintiff before a notary; (ii) IRS W-9 form executed by Plaintiffs' counsel; and (iii) the Stipulation of Dismissal ("Stipulation") in the form attached as "Exhibit A" executed by Plaintiffs' counsel of record in the Action, Defendants will

3

sign the Agreement, Defendants' counsel of record in the Action will execute the Stipulation, and Defendants' counsel will electronically file the executed Stipulation to the docket of the Action. The Parties will not file this Agreement with the Court, unless otherwise ordered by the Court.

4.      Provided that: (1) the (7) seven day revocation period set forth in Paragraph 24 of this Agreement has expired without Plaintiffs' revocation, (2) Defendants receive: (i) this Agreement, fully executed and signed by Plaintiffs before a notary; (iii) IRS W-9 form executed by Plaintiffs' counsel; and (iii) the Stipulation executed by Plaintiff's counsel, and (3) the Court approves this settlement and endorses the stipulation of Dismissal, the settlement amount shall be paid as follows:

   (a)   Within seven (7) days of the date that all the aforementioned conditions are satisfied, Defendant Robert's Asphalt Company, Inc. shall make a payment of Twenty Thousand Dollars and Zero Cents ($20,000.00) (the "Initial Payment") which shall be allocated in separate checks as follows:

      i.   One (1) check from or on behalf of Defendant Robert's Asphalt Company, Inc. payable to "Kenneth Tew" in the gross amount of Two Thousand Nine Hundred Dollars and Zero Cents ($2,900.00), less all applicable tax withholdings and deductions representing payment for Kenneth Tew's claims for alleged economic damages (including, but not limited to unpaid wages);

      ii.  One (1) check from or on behalf of Defendant Robert's Asphalt Company, Inc. payable to "Kenneth Tew" in the gross amount of Two Thousand Nine Hundred Dollars and Zero Cents ($2,900.00),

4

representing payment for Kenneth Tew's claims for alleged non-economic damages (including, but not limited to, liquidated damages);

iii. One (1) check from or on behalf of Defendant Robert's Asphalt Company, Inc. payable to "Dennis Derby" in the gross amount of Three Thousand Nine Hundred Dollars and Zero Cents ($3,900.00), less all applicable tax withholdings and deductions representing payment for Dennis Derby's claims for alleged economic damages (including, but not limited to unpaid wages);

iv. One (1) check from or on behalf of Defendant Robert's Asphalt Company, Inc. payable to "Dennis Derby" in the gross amount of Three Thousand Nine Hundred Dollars and Zero Cents ($3,900.00), representing payment for Dennis Derby's claims for alleged non-economic damages (including, but not limited to liquidated damages);

v. One (1) check from or on behalf of Defendant Robert's Asphalt Company, Inc. payable to "Pelton & Associates, P.C." in the gross amount of Six Thousand Four Hundred Dollars and Zero Cents ($6,400.00) representing payment for Plaintiffs' claims for attorneys' fees, and costs.

(b) Thirty (30) days following the date payment is made in sub-part (a) of this Paragraph, and continuing on a monthly basis for an additional four (4) consecutive months (for a total of (5) installment payments), the remaining balance of the Settlement Amount shall be paid via installment payments. Each installment payment will be paid as follows:

5

i. One (1) check from or on behalf of Defendant Robert's Asphalt Company, Inc. payable to "Kenneth Tew" in the gross amount of One Thousand Fifteen Dollars and Zero Cents ($1,015.00) less all applicable tax withholdings and deductions representing payment for Kenneth Tew's claims for alleged economic damages (including, but not limited to unpaid wages);

ii. One (1) check from or on behalf of Defendant Robert's Asphalt Company, Inc. payable to "Kenneth Tew" in the gross amount of One Thousand Fifteen Dollars and Zero Cents ($1,015.00), representing payment for Kenneth Tew's claims for alleged non-economic damages (including, but not limited to liquidated damages);

iii. One (1) check from or on behalf of Defendant Robert's Asphalt Company, Inc. payable to "Dennis Derby" in the gross amount of One Thousand Three Hundred Sixty Five Dollars and Zero Cents ($1,365.00), less all applicable tax withholdings and deductions representing payment for Dennis Derby's claims for alleged economic damages (including, but not limited to unpaid wages);

iv. One (1) check from or on behalf of Defendant Robert's Asphalt Company, Inc. payable to "Dennis Derby" in the gross amount of One Thousand Three Hundred Sixty Five Dollars and Zero Cents ($1,365.00), representing payment for Dennis Derby's claims for alleged non-economic damages (including, but not limited to, liquidated damages);

6

v. One (1) check from or on behalf of Defendant Robert's Asphalt Company, Inc. payable to "Pelton & Associates, P.C." in the gross amount of Two Thousand Two Hundred Forty Dollars and Zero Cents ($2,240.00) representing payment for Plaintiffs' claims for attorneys' fees, and costs.

5. The settlement amount described shall be delivered to or mailed to the attention of Brent Pelton, Esq., Pelton & Associates, P.C., 111 Broadway, Suite 1503, New York, New York 10006.

6. Concurrently with the execution of this Agreement, Defendant Robert's Asphalt Company, Inc. shall execute an Affidavit of Confession of Judgment in the form attached hereto as Exhibit B. Defendants shall provide Plaintiffs' counsel with said executed Affidavit of Confession of Judgment bearing an original signature. The Affidavit of Confession of Judgment will be held in escrow by Plaintiffs' counsel. In the event Defendants are in default of any of the payments required under Paragraph 4 of this Agreement, Plaintiff's counsel shall provide seven (7) calendar days' written notice to Defendants' counsel of his intent to file the Affidavit of Confession of Judgment with the clerk of court of any court of competent jurisdiction for judgment to be entered against Defendants Robert's Asphalt Company, Inc. declaring the entire sum then unpaid immediately due and payable, less any payments already made by Defendants pursuant to this Agreement. Defendants will have seven (7) calendar days to remedy their default before Plaintiffs file the Affidavits of Confession of Judgment. Upon complete satisfaction of all payments set forth in Paragraph 4, Plaintiffs' counsel will return all of the Affidavit of Confession of Judgment to Defendants' counsel.

7.      Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative bodies and will also withdraw with prejudice all judicial actions, including this Action, and as well as any and all other lawsuits, claims, demands or actions pending against Defendants and Releasees, both individually and in their/its official capacities. Plaintiffs will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against Defendants and Releasees as they acknowledge no valid basis for filing such claims.  In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiffs, Plaintiffs promise and represent that they will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceedings connected with or resulting from such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiffs will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.  Nothing herein shall prevent Plaintiffs from filing a charge of discrimination with any agency or cooperating with an investigation by an agency; however, this Agreement shall bar them from receiving monetary compensation in connection therewith.

8.      Plaintiffs acknowledge that they have received sufficient consideration as set forth in this Agreement.  Plaintiffs expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including, but not limited to, those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

8

9.      Plaintiffs acknowledge that they have been paid in full for all time worked and are owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours pay, call-in pay, vacation or sick pay, accrued benefits, bonus or commission.

10.     Plaintiffs agree that they shall not make any: (a) statement, written, oral or electronic, which in any way disparages Defendants, any employee Plaintiffs know to be employed by Defendants, or Defendants' business practices. Patrick Tew, Jeffrey Tew, Colleen Tew, and Robert Garone agree that they will not make any statement, written, oral, or electronic which in any way disparages any of the Plaintiffs.

11.     Except as set forth herein, this Agreement shall not be cited in any matter for any purpose against Defendants or Releasees, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees, administrators, benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort. Under no circumstances shall this Agreement, or the resolution of the Action, be cited as evidence in any proceeding against Defendants or Releasees for any purpose.

12.     The Parties agree that, in an action arising from any alleged breach by any party of the Agreement, in addition to any remedies available to the non-breaching party in law or equity for a breach thereof, the non-breaching party shall be entitled to receive from the breaching party a sum of Four Thousand Dollars ($4,000) as liquidated damages. The prevailing party will also be entitled to costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s). Furthermore, should any party threaten to breach this Agreement, such party understands that such breach or threatened breach can

9

cause irreparable harm, thereby warranting injunctive relief. In that event, the non-breaching party will be entitled to an injunction, with no posting requirement. The breaching party shall be liable for all costs and fees associated with securing the appropriate injunctive relief.

13.     The Parties acknowledge that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by Defendants that Plaintiffs' claims have merit. In fact, Plaintiffs acknowledge that Defendants explicitly refute and deny any claims of wrongdoing.

14.     This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

15.     Plaintiffs acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims. Plaintiffs acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert and Plaintiffs acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiffs.

16.     Plaintiffs are competent to enter into this Agreement. Plaintiffs are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. Plaintiffs are not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Defendants from any claims by or relating to Plaintiffs.

10

17.     Plaintiffs confirm that they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement.

18.     Plaintiffs affirm that they are not a Medicare or Medicaid beneficiaries as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid.

19.     The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation.

20.     The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

21.     This Agreement may only be modified, altered or changed in writing, signed by the Parties.

22.     This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.

23.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement, executed in any number of counterparts, shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to counsel for Defendants, Jeffery A. Meyer,

11

Esq. and Aaron N. Solomon, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797; (516) 681-1100; facsimile (516) 681-1101, jmeyer@kdvlaw.com and asolomon@kdvlaw.com, and Michael Dvorkin, Esq., Litchfield Cavo, LLP, 420 Lexington Avenue, Suite 2104, New York, NY 10170, (212) 434-0100 (phone), (212) 434-0105 (fax), Dvorkin@litchfieldcavo.com respectively, and counsel for Plaintiffs, Brent Pelton, Esq, Pelton & Associates, P.C., 111 Broadway, Suite 1503, New York, New York 10006. (212) 385-9700 (phone), (212) 385-0800 (fax), pelton@peltonlaw.com.

24.     Plaintiffs represent that they have been advised to consult legal counsel regarding this Agreement prior to their execution of the same. Plaintiffs further represent that they have been provided the opportunity of at least twenty-one (21) days to review this Agreement, and that to the extent they execute this Agreement before that twenty-one (21) day period expires, they freely and voluntarily elect to forgo waiting twenty-one (21) days prior to their execution of the Agreement. Plaintiffs fully understand all of the provisions of this Agreement and are executing same freely and voluntarily. Plaintiffs further understand that they can revoke their acceptance by communicating their revocation in writing, so as to be received by counsel for Defendants within seven (7) days of Plaintiff's execution of the Agreement in accordance with the notice provisions in Paragraph 23.

12

IN WITNESS WHEREOF, Plaintiffs and Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

_____
KENNETH TEW


_____
DENNIS DERBY

_____
ROBERT'S ASPHALT COMPANY, INC.
By:
Title:

_____
PATRICK TEW

_____
JEFFREY TEW

_____
COLLEEN TEW


_____
ROSEMAR CONSTRUCTION, INC.
By:
Title:


_____
ROSEMAR CONTRACTING, INC.
By:
Title:


_____
ROBERT GARONE


_____
Brent Pelton, Esq.
Counsel for Plaintiffs


13

IN WITNESS WHEREOF, Plaintiffs and Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

KENNETH TEW
_____

DENNIS DERBY
_____

ROBERT'S ASPHALT COMPANY, INC.
By:
Title:
_____

PATRICK TEW
_____

JEFFREY TEW
_____

COLLEEN TEW
_____


ROSEMAR CONSTRUCTION, INC.
By:
Title:
_____

ROSEMAR CONTRACTING, INC.
By:
Title:
_____

ROBERT GARONE
_____

Brent Pelton, Esq.
Counsel for Plaintiffs

13

IN WITNESS WHEREOF, Plaintiffs and Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

KENNETH TEW

_____
DENNIS DERBY

_____
ROBERT'S ASPHALT COMPANY, INC.
By:
Title:

_____
PATRICK TEW

_____
JEFFREY TEW

_____
COLLEEN TEW

_____
ROSEMAR CONSTRUCTION, INC.
By:
Title:

_____
ROSEMAR CONTRACTING, INC.
By:
Title:

_____
ROBERT GARONE

_____
Brent Pelton, Esq.
Counsel for Plaintiffs

13

Jeffery A. Meyer, Esq.
Counsel for Defendants Robert's Asphalt Company, Inc.,
Jeffery Tew, Patrick Tew, and Colleen Tew

Michael Dvorkin, Esq.
Counsel for Defendants Rosemar Construction, Inc.,
Rosemar Contracting, Inc., and Robert Garone

14

STATE OF NEW YORK · }
COUNTY OF _____ }S.S.
}

On _____, 2015, before me personally came DENNIS DERBY, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

STATE OF NEW YORK }
COUNTY OF Suffolk }S.S.
}
        of Dec
On 19th, 2015, before me personally came KENNETH TEW, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

LISA A. SCOTTO
NOTARY PUBLIC, State of New York
NO. 01SC5521439
Qualified in Suffolk County
Commission Expires: Sept 2, 2019

15

JPMorgan Chase        12/23/2015 12:47:07 PM   PAGE   2/002   Fax Server

Florida
STATE OF ~~NEW YORK~~        }
                            }S.S.
COUNTY OF Palm Beach        }

    On Dec 23, 2015, before me personally came DENNIS DERBY, to me known, and

known to me to be the individual described in, and who executed the foregoing Settlement

Agreement and General Release, and duly acknowledged to me that he executed the same.

                                  NOTARY PUBLIC

STATE OF NEW YORK        }
                        }S.S.
COUNTY OF _____    }

DANIEL RUSIANO
Notary Public - State of Florida
My Comm. Expires Jul 14, 2017
Commission # FF 035922

    On _____, 2015, before me personally came KENNETH TEW, to me known, and

known to me to be the individual described in, and who executed the foregoing Settlement

Agreement and General Release, and duly acknowledged to me that he executed the same.

                                  NOTARY PUBLIC

15

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KENNETH TEW and DENNIS DERBY,                    Docket No.: 15 CV 2379 (JMA)(AYS)
Individually and on behalf of all others similarly
situated,

                                                 STIPULATION OF DISMISSAL

                              Plaintiffs,

            -against-


ROBERT'S ASPHALT COMPANY, INC.,
ROSEMAR CONTRACTING, INC., ROSEMAR
CONSTRUCTION, INC., PATRICK TEW,
JEFFREY TEW, COLLEEN TEW, and ROBERT
GARONE, Jointly and Severally,


                              Defendants.
-------------------------------------------------------------X

        IT IS HEREBY STIPULATED AND AGREED, by and between the Parties in the

above captioned action through their undersigned counsel that, whereas no party hereto is an

infant or incompetent person for whom a committee has been appointed, and no person not a

party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii)

of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all

claims alleged therein be dismissed with prejudice, with each party to bear their own fees and

costs except as set forth in the settlement agreement executed by the Parties.

1

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Kaufman Dolowich & Voluck, LLP
*Attorneys for Defendants*
*Robert's Asphalt Company, Patrick Tew,*
*Colleen Tew, and Jeffrey Tew*

By:  Jeffery A. Meyer, Esq.
135 Crossways Park Drive, Ste. 201
Woodbury, New York 11797
(516) 681-1100

Litchfield Cavo, LLP
*Attorneys for Defendants*
*Rosemar Contracting, Inc., Rosemar*
*Construction, Inc., and Robert Garone*

By:  Michael Dvorkin, Esq.
420 Lexington Ave., Suite 2104
New York, New York 10170
 (212) 818-0507

Pelton & Associates PC
*Attorneys for Plaintiffs*

By:  Brent E. Pelton, Esq.
111 Broadway, Suite 1503
New York, New York
(212)385-9700

SO-ORDERED

_____
The Hon. Anne Y. Shields, U.S.M.J.

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KENNETH TEW and DENNIS DERBY, Individually and
on behalf of all others similarly situated,

                          Plaintiffs,         Docket No.: 15 CV 2379 (JMA)(AYS)

           -against-

ROBERT'S ASPHALT COMPANY, INC., ROSEMAR
CONTRACTING, INC., ROSEMAR CONSTRUCTION,
INC., PATRICK TEW, JEFFREY TEW, COLLEEN
TEW, and ROBERT GARONE, Jointly and Severally,

             Defendants.
-------------------------------------------------------------X

### AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF NEW YORK      )
                         )  ss.:
COUNTY OF  SUFFOLK    )

      ROBERT'S ASPHALT COMPANY, INC., (the "Undersigned") being duly sworn, or through and by a duly sworn representative with authority to bind the Undersigned, deposes and says:

    1.    I have authority to sign on behalf of myself, and on behalf of the undersigned entity as the Owner, Officer, Director, Member and/or Authorized Shareholder, of the undersigned entity, or a duly designated and authorized representative of the undersigned entity, and as a defendant in the above-captioned action, and I am duly authorized to make this affidavit on my own, or on the undersigned entity's behalf.

    2.    I make this affidavit pursuant to § 3218 of the New York Civil Practice Law and

4

Rules, in support of Plaintiff's application for the entry of a judgment by confession against Robert's Asphalt Company, Inc. in the above-captioned action.

    1.    This is a judgment to be confessed for money due. The facts out of which the debt arose and that the sum confessed is justly due is set forth below.

    2.    In or around December 2015, Defendants agreed to pay the total sum of Fifty Five Thousand Dollars and Zero Cents ($55,000.00) in exchange for the dismissal of the lawsuit with prejudice and the Parties executed a Settlement Agreement and Release (the "Agreement"), attached hereto as Exhibit A.

    3.    Under the terms of the Agreement, Defendants agreed to pay a total gross settlement amount of Fifty Five Thousand Dollars and Zero Cents ($55,000.00) via an initial payment of Twenty Thousand Dollars and Zero Cents ($20,000.00) followed by five equal monthly installments of Seven Thousand Dollars and Zero Cents ($7,000) until the total settlement amount was paid.

    4.    Under the terms of the Agreement, if Defendants are in default in the payment of any of the said installments, Plaintiff shall provide seven (7) calendar days' notice to Defendants of their intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction. Defendants shall seven (7) calendar days to remedy their default. Additionally, if Defendants remain in default in the payment of any of the said installments after the seven (7) day period to cure same has expired, Defendants agreed to a default penalty in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00).

    5.    Accordingly, if Defendants do not remedy their default within seven (7) calendar days of their receipt of such notice, I hereby authorize the entry of judgment in the amount of

Sixty Thousand Dollars and Zero Cents ($60,000.00), less any payments made by Defendants under said Agreement, against Robert's Asphalt Company.

      6.    I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

By:
Title:
Dated: January ⟋, 2016

## ACKNOWLEDGMENT

      On January ⟋, 2016 before me personally came Jeffrey Lw and acknowledged himself/herself to be the Owner, Member and/or an Authorized Representative of the above named corporation or business entity, and that (s)he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his/her name on behalf of the corporation by himself/herself as Owner and an Authorized Representative.

Sworn to before me

this ⟋ day of January, 2016

Notary Public

DIANA CURYLO
Notary Public, State of New York
No. 01CU5266924
Qualified in Suffolk County
Commission Expires August 6, 20__

4814-9735-2747, v. 1

6